O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Julie Townsend,<br><br>      Plaintiff,<br><br>  v.<br><br>Thomson Reuters Group Disability Income Insurance Plan; Hartford Life and Accident Insurance Company,<br><br>      Defendants. | CV 11-3555 RSWL (AJWx)<br><br>**ORDER Re: Defendants' Motion to Dismiss Plaintiff's Complaint, or Alternatively, Motion to Strike Portions of Plaintiff's Complaint [9]** |

On August 3, 2011, Defendants Thomson Reuters Group Disability Income Insurance Plan and Hartford Life and Accident Insurance Company's Motion to Dismiss Plaintiff's Complaint, or Alternatively, Motion to Strike Portions of Plaintiff's Complaint [9] came on for regular calendar before this Court. Having considered all the papers and arguments pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:**

This Court **DENIES** Defendants Thomson Reuters Group Disability Income Insurance Plan and Hartford Life and

1  Accident Insurance Company's ("Defendants") Motion to
2  Dismiss Plaintiff's Complaint, or Alternatively, Motion
3  to Strike Portions of Plaintiff's Complaint.
4       In a motion to dismiss pursuant to Federal Rule of
5  Civil Procedure 12(b)(6), the Court must presume all
6  factual allegations of the complaint to be true and
7  draw all reasonable inferences in favor of the non-
8  moving party. Klarfeld v. United States, 944 F.2d 583,
9  585 (9th Cir. 1991).  A dismissal can be based on the
10 lack of cognizable legal theory or the lack of
11 sufficient facts alleged under a cognizable legal
12 theory. Balistreri v. Pacifica Police Dep't, 901 F.2d
13 696, 699 (9th Cir. 1988).  However, a party need not
14 state the legal basis for his claim, only the facts
15 underlying it. McCalden v. California Library Ass'n,
16 955 F.2d 1214, 1223 (9th Cir. 1990).
17      Plaintiff Julie Townsend ("Plaintiff") brings this
18 current Action under the Employee Retirement Income
19 Security Act of 1974 ("ERISA") in order to recover her
20 Long Term Disability ("LTD") benefits.  The Complaint
21 asserts that Defendant Hartford Life and Accident
22 Insurance Company ("Hartford") terminated Plaintiff's
23 LTD benefits pursuant to a provision in Plaintiff's
24 insurance policy[1] that limits the payment of LTD
25 benefits originating from a physical or mental

---

[1] According to the Complaint, Defendant Thomson Reuters Group Disability Income Insurance Plan provided benefits to Plaintiff through this policy, issued by Defendant Hartford Life and Accident Insurance Company. [Compl. ¶ 6.]

2

impairment to a period of 24-months. [Compl. ¶ 19.] The Complaint alleges in part that Defendants' abused their discretion by terminating her LTD benefits based solely on this 24-month limitation.  Specifically, the Complaint alleges that Defendants' termination of these benefits was in violation of California Insurance Code § 10144 ("Section 10144"), asserting that Section 10144 required Defendants to base any termination of her LTD benefits on actuarial date or evidence.

Defendants argue that the Court should dismiss Plaintiff's Complaint because 1) Plaintiff fails to state a legally cognizable claim for benefits based on Defendants' alleged abuse of discretion in terminating her benefits in violation of Section 10144; 2) Plaintiff improperly brings a cause of action for benefits under Section 10144; and 3) ERISA preempts Plaintiff's claim for benefits based on Defendants' alleged abuse of discretion in terminating her LTD benefits in violation of Section 10144.

The Court first finds that the allegations made by Plaintiff in the Complaint are sufficient to state a claim for benefits here.  The Complaint sets forth that Plaintiff was a member of Defendant Thomson Reuters Group Disability Income Insurance Plan (the "Plan") and that Defendants abused their discretion by terminating her LTD benefits based solely on the 24-month limitation present in her insurance policy. Specifically, the Complaint alleges that Section 10144

instead required Defendants to base the decision to terminate Plaintiff's LTD benefits on actuarial data or evidence, and therefore Defendants violated Section 10144 when it based its decision to terminate Plaintiff's LTD benefits on this 24-month limitation. As such, the Court finds that these allegations are sufficient at this juncture to state a claim for benefits under ERISA. 29 U.S.C. § 1132(a).

Defendants primarily argue here that the Complaint should be dismissed because Section 10144 does not apply to limitations of coverage, and therefore Defendants were not required to base the termination of Plaintiff's LTD benefits on actuarial data or evidence. However, the Court finds that this arguments is premature, as it go towards the merits of this Case.[2] As such, the Court finds that Defendants have failed to establish that this Action should be dismissed because the Complaint fails to state a claim for benefits here.

Next, the Court finds that Defendants fail to establish that the Complaint should be dismissed based on the fact that Plaintiff is allegedly bringing a

---

[2] For example, Defendants rely on various American with Disabilities Act cases, as well as cases from other jurisdictions, in arguing that Section 10144 does not apply to limitations of coverage. However, the Court finds these arguments are premature, as they go towards the issue of whether Defendants' in fact abused their discretion by terminating her benefits based on the 24-month limitation.

cause of action for benefits here under Section 10144.[3]

The Court finds that the Complaint asserts a cause of action for benefits under ERISA, as Plaintiff alleges that Defendants abused their discretion by terminating the LTD benefits in violation of Section 10144. As such, the Complaint does not bring a cause of action for benefits under Section 10144, but instead utilizes Section 10144 as the relevant rule of decision here in alleging that Defendants wrongfully terminated Plaintiff's LTD benefits. See Unum Life Ins. Co. of Am. v. Ward, 526 U.S. 358, 376-77 (1999) (holding that plaintiff properly sued under ERISA's civil enforcement provision to recover benefits due under the terms of his plan, as California's notice-prejudice rule supplied the "relevant rule of decision" for the ERISA action). Therefore, the Court finds that Defendants have failed to show that the Complaint should be dismissed because Plaintiff improperly brings a cause of action for benefits under Section 10144.

Finally, the Court finds that Defendants have failed to establish that ERISA preempts Plaintiff's claim for benefits based on Defendants' alleged abuse of discretion in terminating her LTD benefits in violation of Section 10144.

ERISA provides the exclusive remedy for an ERISA

---

[3] Defendants specifically argue here that there is no private right of action under Section 10144, and therefore the Complaint must be dismissed.

1  plan's failure to pay benefits and generally preempts
2  any state claims that "relate to" an employee benefit
3  plan. 29 U.S.C. §§ 1132(a)(1)(b), 1132(g)(1); 29 U.S.C.
4  § 1144(a).  However, ERISA's preemption provision
5  contains a savings clause that excludes from preemption
6  any state law that regulates insurance. 29 U.S.C. §
7  1144(b)(2)(A).  Whether a state law "regulates
8  insurance" within the meaning of ERISA's insurance
9  savings clause turns on whether it 1) is specifically
10 directed towards the insurance industry and 2)
11 "substantially affects the risk pooling arrangement
12 between the insurer and the insured." Kentucky Ass'n of
13 Health Plans, Inc. v. Miller, 538 U.S. 329, 334 (2003).
14     The Court finds that ERISA does not preempt
15 Plaintiff's claim for benefits arising out of
16 Defendants' alleged abuse of discretion in violating
17 Section 10144, as Section 10144 falls within ERISA's
18 insurance savings clause.  Specifically, Section 10144
19 is directed at the insurance industry and addresses
20 life and disability benefits from individual and group
21 insurance carriers.  Furthermore, Section 10144 has the
22 effect of raising premiums and spreading the risk of
23 policyholders by preventing discrimination to potential
24 participants with a physical or mental impairment. See
25 Thompkins v. BC Life & Health Ins. Co., 414 F. Supp. 2d
26 953, 958 n. 4 (C.D. Cal. 2006)(holding that ERISA did
27 not preempt California Insurance Code § 10144.5 because
28 the state law regulated insurance given it was

specifically tailored toward entities engaged in insurance and substantially affected the risk pool arrangement between the insurer and insured).

In addition, this Court finds Defendants fail to establish that Plaintiff is using Section 10144 here as a separate vehicle by which to assert her claim for benefits outside of, or in addition to, ERISA's remedial scheme.  As discussed above, Plaintiff's Complaint alleges that her suit arises under ERISA and utilizes Section 10144 as the relevant rule of decision in alleging that Defendants' abused their discretion by terminating her LTD benefits.  As such, the Court finds that the Complaint does not utilize Section 10144 as a separate vehicle by which to assert her claim to these benefits.

Therefore, the Court finds that Defendants have failed to establish that ERISA preempts Plaintiff's claim for benefits here.

For the reasons heretofore stated, the Court **DENIES** Defendants' Motion to Dismiss, or alternatively, Motion to Strike Portion's of Plaintiff's Complaint.

**IT IS SO ORDERED.**

DATED: August 16, 2011.

                                   RONALD S.W. LEW
                                **HONORABLE RONALD S.W. LEW**
                                Senior, U.S. District Court Judge