O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Julie Townsend,<br><br>         Plaintiff,<br><br>    v.<br><br>Thomson Reuters Group<br>Disability Income Insurance<br>Plan; Hartford Life and<br>Accident Insurance Company,<br><br>         Defendants. | CV 11-3555 RSWL (AJWx)<br><br>**ORDER Re: Plaintiff's Motion for Summary Judgment [18]** |

   On June 1, 2012, Plaintiff Julie Townsend's ("Plaintiff") Motion for Summary Judgment [18] came on for regular calendar before this Court.  Having considered all the papers and arguments pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:**

   The Court hereby **DENIES** Plaintiff's Motion for Summary Judgment.

   Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ.

1

P. 56(c).  A genuine issue is one in which the evidence is such that a reasonable fact-finder could return a verdict for the non-moving party.  <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 248 (1986).  The evidence, and any inferences based on underlying facts, must be viewed in a light most favorable to the opposing party.  <u>Diaz v. American Tel. & Tel.</u>, 752 F.2d 1356, 1358 n.1 (9th Cir. 1985).  In ruling on a motion for summary judgment, the Court's function is not to weigh the evidence, but only to determine if a genuine issue of material fact exists.  <u>Anderson</u>, 477 U.S. at 255.

Plaintiff was an employee of Thomson Reuters and a participant in the Thomson Reuters Group Disability Income Insurance Plan ("the Plan").  Compl. ¶ 3. Plaintiff brings this current Action under the Employee Retirement Income Security Act of 1974 ("ERISA") in order to recover her Long Term Disability ("LTD") benefits.  The Complaint asserts that Defendant Hartford Life and Accident Insurance Company ("Defendant Hartford") terminated Plaintiff's LTD benefits pursuant to a provision in the Plan that limits the payment of LTD benefits originating from a mental impairment to a period of 24 months.  Compl. ¶ 19.  The Complaint alleges in part that Defendants Thomson Reuters Group Disability Income Insurance Plan and Hartford Life and Accident Insurance Company ("Defendants") abused their discretion by terminating her LTD benefits based solely on this 24-month

1  limitation.  Specifically, the Complaint alleges that
2  Defendants' termination of these benefits was in
3  violation of California Insurance Code § 10144
4  ("Section 10144"), asserting that Section 10144
5  required Defendants to base any termination of her LTD
6  benefits on actuarial data or evidence.  In Plaintiff's
7  present Motion, she seeks a ruling that Defendants have
8  not complied with Section 10144 and therefore,
9  Plaintiff is entitled to reinstatement of her LTD
10 benefits.
11     The Court finds that Section 10144 does not apply
12 to Plaintiff's claim.  First, it is clear from the text
13 of the statute that the California legislature enacted
14 Section 10144 in order to prevent unfounded
15 discrimination of individuals by insurance providers
16 for the individual's mental or physical impairments,
17 not to require insurers to provide equal coverage for
18 mental and physical disabilities.  Specifically,
19 Section 10144 states that insurers shall not "refuse to
20 insure, or refuse to continue to insure, or limit the
21 amount, extent, or kind of coverage available *to an*
22 *individual*, or charge a different rate for the same
23 coverage solely *because of* a physical or mental
24 impairment."  Cal. Ins. Code § 10144 (emphasis added).
25 Here, Plaintiff was not singled out individually for a
26 coverage limitation, nor was her coverage limited
27 *because of* her mental condition.  She was offered the
28 same coverage as all other employees of Thomson

3

Reuters.  Her coverage was not limited because of her mental condition.

In addition, case law applying Section 10144 supports Defendants' interpretation of the statute's language.  Every case cited by both Plaintiff and Defendants has applied Section 10144 in situations where an individual has been discriminated against and denied coverage or charged higher rates for coverage compared to other individuals because of a mental or physical limitation.  See, e.g., Chabner v. United of Omaha Life Ins. Co., 994 F. Supp. 1185 (N.D. Cal. 1998).  No court has held that Section 10144 requires insurers to offer equal benefits for both mental and physical disabilities.

Accordingly, the Court finds that Plaintiff is not entitled to judgment as a matter of law as to her claim for LTD benefits for her mental disability.  As such, the Court **DENIES** Plaintiff's Motion for Summary Judgment.

**IT IS SO ORDERED.**

DATED: June 6, 2012.

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge

4